UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ROBERT GUCCIONE                                  CIVIL ACTION

VERSUS                                           NO: 09-301

PARISH OF JEFFERSON, ET AL.                      SECTION: R(5)

## ORDER AND REASONS

Before the Court is plaintiff Robert Guccione's *pro se* motion to set aside the Court's judgment under Fed. R. Civ. P. 60.[1]  For the following reasons, plaintiff's motion is DENIED.

Plaintiff is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  On March 12, 2009, plaintiff filed a 42 U.S.C. § 1983 action against Jefferson Parish and present and former judges of the Louisiana Fifth Circuit Court of Appeal.[2]  Plaintiff claims that, from February 1994 to May 2007, the Louisiana Fifth Circuit assigned one judge to review *pro se* criminal writ applications in violation of La.

---

[1]    R. Doc. 19.

[2]    R. Doc. 5.

Const. art. V, § 8(A), which requires courts of appeal to sit in panels of at least three judges.

Magistrate Judge Chasez issued a report and recommendation in which she recommended that plaintiff's claims be dismissed as frivolous.[3] The Magistrate Judge observed, *inter alia*, that the judges of the Louisiana Fifth Circuit are protected by absolute judicial immunity and that the court's employees are also entitled to absolute immunity with respect to any claim for monetary damages.  The Court adopted the report,[4] and on October 13, 2009, the Court entered judgment dismissing plaintiff's complaint.[5]  The United States Fifth Circuit then affirmed the Court's judgment.[6]

Plaintiff now moves to set aside the Court's judgment under Fed. R. Civ. P. 60(b)(3) and (6).  Plaintiff contends that the Magistrate Judge's report and recommendation, and the decisions of this Court and the United States Fifth Circuit, amount to fraud and conspiracy because they constitute an attempt to cover up the actions of the judges and employees of the Louisiana Fifth

---

[3]    R. Doc. 8.

[4]    R. Doc. 10.

[5]    R. Doc. 12.

[6]    R. Doc. 18.

Circuit.  Needless to say, plaintiff provides no evidence for this bizarre theory.

Courts construe briefs submitted by *pro se* litigants liberally, and a court will "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).  This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 Fed. App'x 949, 952 (5th Cir. 2009).

The Court will not set aside its judgment under Rule 60. Rule 60(b)(3) allows the Court to relieve a party from a judgment on grounds of "fraud . . . misrepresentation, or misconduct by an opposing party."  That Rule is inapposite here because plaintiff argues that the Court itself, not an opposing party, committed fraud.  Plaintiff also argues that the decisions of this Court and the United States Fifth Circuit are erroneous, but Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 156 (5th Cir. 2004) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)). Therefore, Rule 60(b)(3) does not apply in this case.

Plaintiff also invokes Rule 60(b)(6), which states that the

Court may relieve a party from a judgment for "any other reason that justifies relief." Plaintiff must meet a "high burden" in order to gain relief under this statute, and such relief will be granted only if "extraordinary circumstances" are present. *Williams v. Thaler*, 602 F.3d 291, 311 (5th Cir. 2010). Plaintiff's argument that the Magistrate Judge, this Court, and the United States Fifth Circuit all engaged in fraud to cover up the activities of the Louisiana Fifth Circuit is unsupported and absurd. Plaintiff has not shown that he is entitled to relief under Rule 60(b)(6).

Finally, plaintiff cites a number of criminal conspiracy statutes, but he fails to demonstrate that those statutes are remotely relevant to his motion.

For the foregoing reasons, plaintiff's motion to set aside the judgment is DENIED.

New Orleans, Louisiana, this 9th day of March, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

4